| | |
|---|---|
| DISTRICT COURT, COUNTY OF PITKIN, STATE OF COLORADO<br>506 E. Main, Suite 300<br>Aspen, CO 81611 | DATE FILED: September 19, 2014<br>CASE NUMBER: 2014CV |
| JACQUELINE LONG<br>Plaintiff,<br>v.<br>HANSJORG WYSS<br>Defendant | Δ COURT USE ONLY Δ |
| Jacqueline Long<br>PO Box 9977<br>Aspen CO 81612<br>970-618-2211<br>jjackielong@aol.com | Case Number: 14CV | |<br><br>Division |
| **COMPLAINT** | |

Plaintiff Jacqueline Long ("Plaintiff"), acting pro se, hereby submits the following complaint against Defendant Hansjorg Wyss ("Wyss"), and states, alleges, and claims as follows:

### I. PARTIES

1. Plaintiff is an individual residing in Pitkin County, Colorado.

2. Defendant is an individual who owns real property in Pitkin County, Colorado and has transacted business and personal affairs in Pitkin County, Colorado

### II. JURISDICTION AND VENUE

3. The District Court for Pitkin County has jurisdiction over the parties and the subject matter of this action and venue is proper. This matter involves real property located in Pitkin County, Colorado, the value of which exceeds $15,000,000, and it involves transactions between Plaintiff and Wyss that took place in Pitkin County, Colorado.

### III. GENERAL ALLEGATIONS

4. During the time period from August 2001 to January 2012, Wyss entered into certain contractual relationships with Plaintiff, including those involving personal and business relationships in Aspen, Colorado.

5. Among the agreements entered into between Wyss and Plaintiff was a promise by Wyss to purchase certain property located in Pitkin County, Colorado, located at 43995 Hwy 82, Aspen CO 81611 (the "Property"), in exchange for Plaintiff's promise to sell her own

property, move into the Property, maintain a personal relationship with Wyss, and work for various of Wyss's entities.

6. In furtherance of these promises, and being induced by Wyss's promises, Plaintiff sold certain of her property, moved certain of her personal property into the Property, maintained a personal relationship with Wyss, and began working for his various entities, including Halter Ranch Winery, HJW Foundation (Hansjorg Wyss Foundation), and the Wyss Foundation. Simultaneously, Wyss contacted the builder and realtor of the Property and began negotiating for the purchase of the Property on behalf of Plaintiff.

7. Suddenly, without warning and after Plaintiff had fulfilled her promises in reliance on Wyss's promises, Wyss ended the negotiations with the builder and realtor of the Property and failed to purchase the Property.

8. As a result of Wyss's actions, Plaintiff has suffered economic and emotional damages.

## IV.  FIRST CLAIM FOR RELIEF
### (Promissory Estoppel)

9. The allegations contained in paragraphs 1 through 8 above are fully incorporated herein by reference and made part of this claim for relief.

10. The promises made by Wyss to Plaintiff induced Plaintiff to take the actions set forth above, and Plaintiff relied on said promises and completed all of the conditions of the promises she made to Wyss in return to her detriment. Wyss did not purchase the Property for Plaintiff as promised, Plaintiff reasonably relied upon Wyss's promises to Plaintiff's detriment, and Plaintiff seeks to be made whole through this action.

## V.  SECOND CLAIM FOR RELIEF
### (Breach of Contract)

11. The allegations contained in paragraphs 1 through 10 above are fully incorporated herein by reference and made part of this claim for relief.

12. As set forth above, Plaintiff and Wyss entered into a contract by which Wyss agreed to purchase the Property in exchange for Plaintiff undertaking certain actions, which she did. Notwithstanding Plaintiff's performance, Wyss has failed to perform his obligations under the contract and is in breach thereof.

## VI.  THIRD CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress and/or Negligent Infliction of Emotional Distress)

13. The allegations contained in paragraphs 1 through 12 above are fully incorporated herein by reference and made part of this claim for relief.

14. As a result of Wyss's actions, which induced Plaintiff to uproot her family and move to a new city, to sell her business and source of income, and then failing to perform his promises and obligations to Plaintiff without cause or explanation, Plaintiff has suffered emotional distress.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor and against Wyss as follows:

A. an order determining that Wyss is liable to Plaintiff for damages in an amount to be determined by the Court based on promissory estoppel as set forth in section IV above;

B. an order determining that Wyss is liable to Plaintiff for damages in an amount to be determined by the Court based on a breach of the contract between Wyss and Plaintiff;

C. an order determining that Wyss is liable to Plaintiff for damages in an amount to be determined by the Court based on Wyss's infliction of emotional distress upon Plaintiff, either intentionally or negligently; and

D. Such other relief as the Court may deem just and proper.

Respectfully submitted this 18 day of September, 2014.

*/s/ Jacqueline Long*
Jacqueline Long

Pursuant to C.R.C.P. 11(b), in helping to draft this pleading filed by the pro se party Jacqueline Long, the undersigned certifies that, to the best of his knowledge, information and belief, this pleading is (1) well grounded in fact based upon a reasonable inquiry of Ms. Long by the undersigned, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

_____
Kevin J. Kinnear (Reg. No. 28704)
Porzak Browning & Bushong LLP
2120 13th Street
Boulder CO 80302
(303) 443-6800


STATE OF COLORADO   )
                    ) ss.
COUNTY OF PITKIN    )

I, Jacqueline Long, hereby certify that the factual allegations in the foregoing COMPLAINT are accurate to the best of my knowledge and belief.

By: Jacqueline Long

Acknowledged before me this 18 day of September, 2014, by Jacqueline Long.

Witness my hand and official seal.

My commission expires: 12/19/17.

JOSHUA S. HALL
Notary Public
State of Colorado
Notary ID 20134078996
My Commission Expires Dec 19, 2017

Notary Public

4