IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03200-RJB

JACQUELINE LONG,

    Plaintiff,

v.

HANSJÖRG WYSS,

    Defendant.

---

**DEFENDANT'S EMERGENCY MOTION TO RESTRICT
PUBLIC ACCESS TO ENTIRE CASE FILE**

---

Defendant Hansjörg Wyss ("Defendant") hereby moves to restrict public access to the entire case file herewith pursuant to D.C.Colo.LCIVR 7.2. Defendant requests Level 1 access to the Court and the named parties.

1.    Pursuant to D.C.Colo.LCivR 7.1(A), undersigned counsel attempted in good faith to confer with Plaintiff Jacqueline Long ("Plaintiff") by telephone and email regarding her position on the motion, but as of the time of filing this motion, was unable to reach her.

2.    Plaintiff had a business and personal relationship with Defendant over the course of many years.

3.    In September 2012, Plaintiff filed a charge with the Equal Employment Opportunity Commission and commenced litigation against Defendant and several entities Defendant was involved with in the Philadelphia County Court of Common Pleas by the filing of a Writ of Summons.

4. Prior to the filing of a formal Complaint, the parties entered into a Confidential Settlement Agreement and Mutual Release (the "Settlement Agreement") which was fully executed on May 15, 2013.

5. One of Defendant's key considerations in entering the Settlement Agreement was the ability to avoid the filing of a formal complaint and allowing the dispute to become a matter of public record. The present litigation is barred by the terms of the Settlement Agreement. However, to present that argument it was necessary for Defendant to present the Settlement Agreement to this Court and to argue its provisions in the Motion to Dismiss or in the Alternative for Summary Judgment, and Sanctions. Accordingly, leave to file that motion under restriction was granted by this Court by order dated December 4, 2014.

7. Plaintiff's response to the Motion to Dismiss or in the Alternative for Summary Judgment, and Sanctions is due on January 15, 2015. A copy of Plaintiff's response was received by under-signed counsel at Reed Smith, LLP in advance of its filing. Plaintiff's response includes much of the information this Court concealed from the public record by granting the motion to file under restriction. All of the prejudice that would have been visited upon Defendant by filing the information in the public record - which was avoided by the Court's order granting the motion to file under restriction - will directly result from Plaintiff filing her response as a public document.

8. The only way to prevent this confidential information from being disseminated in the public record would be for the Court to order the entire Court file in ECF to be restricted as Level 1 pursuant to D.C.Colo.LCIVR 7.2.

**WHEREFORE**, Defendant Hansjörg Wyss hereby requests the Court grant the motion to restrict public access and restrict the entire Court file in this matter pending resolution of the Motion to Dismiss or in the Alternative for Summary Judgment, and Sanctions.

Dated: January 15, 2015

**STINSON LEONARD STREET, LLP**

By: *s/ Perry L. Glantz*
Perry L. Glantz
Stinson Leonard Street, LLP
6400 S. Fiddlers Green Circle, Suite 1900
Greenwood Village, CO  80111
Tel: 303.376.8410
Fax: 303.578.7967
perry.glantz@stinsonleonard.com

**REED SMITH LLP**
Carolyn P. Short *(admission application pending)*
Nipun J. Patel
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
Tel:  215.851.8100
Fax:  215.951.1420

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 15, 2015, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO RESTRICT PUBLIC ACCESS TO ENTIRE CASE FILE** was served electronically by email and/or U.S. mail upon the following:

Jacqueline Long

PO Box 9977
Aspen, CO 81612
jjackielong@aol.com
*Pro se Plaintiff*

                                            *s/ Bridget Duggan*
                                            Bridget Duggan