UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 14-cv-03200-RBJ

JACQUELINE LONG,

　　　　Plaintiff

v.

HANSJÖRG WYSS,

　　　　Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2015

JEFFREY P. COLWELL
CLERK

---

**NON-PARTY PAUL DORSEY'S OBJECTION TO DEFENDANT'S EMERGENCY MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [Doc 18]**

---

Non-Party Paul Dorsey, pro se, respectfully submits this Objection to Defendant Hansjörg Wyss' Emergency Motion For Leave to Restrict Public Access to Plaintiff's Response to Defendant's Motion to Dismiss (Doc.18, filed January 16, 2015 and posted on January 20, 2015) under the authority of D.C.Colo.LcivR 7.2(d) (". . . Any person may file an objection to the motion to restrict within three court business days after posting."). This objection was express mailed to the court on January 20, 2015. Accordingly, it should arrive so as to be timely filed.

1. **LEGAL STANDARD**

District of Colorado Local Civil Rule 7.2 governs motions to restrict access. *See* L.Civ.R. 7.2. Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court. Nixon v.

Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978). The Court's discretion to restrict access should be exercised in light of the relevant facts and circumstances of the particular case. United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).

"Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). Thus, the presumption in favor of access to judicial records may be overcome where "countervailing interests heavily outweigh the public interests in access." Id. (internal quotation marks omitted). The burden is on the party seeking to restrict access to show "some significant interest that outweighs the presumption." Id. (internal quotation marks omitted).

2. ARGUMENT

(1)

I object to Mr. Wyss' motion (hereinafter "Motion to Restrict"), which was filed pursuant to D.C.COLO.LCivR 7.2, to place Doc 15 under restriction Level One because it fails to meet the specific requirement of D.C.COLO.LCivR 7.2(c)(2), which states that a motion to restrict public access must:

> "address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction)" Underlining added.

While Mr. Wyss' Motion to Restrict addresses the interest to be protected (the confidentiality of the parties' Settlement Agreement, which "was of the utmost importance" (see Doc 18 at ¶5), it NEVER addresses why such interest outweighs the presumption of public access.

2

To be sure, Mr. Wyss' previously filed "Defendant's Motion to Restrict Public Access to Motion to Dismiss, or In the Alternative For Summary Judgment, and Sanctions" (Doc 6) did, in fact, address why the interest he sought to protect outweighed the presumption of public access:

> "Leave to file under restriction should be granted because (a) restriction of public access to Defendants' Motion – regarding a private and confidential Settlement Agreement – will have no harm to the public, (b) permitting public access to the Motion will be harmful to the parties' privacy interests and undermine the policy encouraging confidential settlements; and (c) closure of the record is essential to preserve the confidential nature of the information contained in the Motion regarding the parties' Settlement Agreement. See JAH IP Holdings, LLC v. Mascio, No. 13-02195, 2014 WL 6477923 (D. Colo. Nov. 19, 2014)." (see Doc 6 at ¶5).

But the above argument was not included in Mr. Wyss' current Motion to Restrict. More importantly, the argument overstates and misapplies *JAH IP Holdings,* which states in pertinent part:

> **"D. Motion to Restrict Access**
> [ ] The exhibit in question [. . . ] discusses the Tau software and its underlying formulas in detail, and includes what appears to be <u>the entirety of the software's code</u>. [ ].
>
> Having considered the strong public interest in access to judicial records against the parties' interests in keeping particular details about the specific components of the Tau software private so as not to disseminate confidential and proprietary market strategies, the Court finds it appropriate to grant the Defendants' motion. Although the public has a broad interest in access to judicial records, the particular details of how the Tau software operates and the formulas it employs <u>are not particularly important to the disposition of the claims herein, and thus, of minimal public interest</u>; the pertinent information is identification of the Tau software and its functions generally. Those matters are fully addressed by publicly-available evidence.
>
> Accordingly, the Court grants the motion to restrict access . . ." JAH IP Holdings, LLC v. Mascio, No. 13-cv-02195 - MSK-KLM (Doc 88 at 17-18). Underlining added.

3

Here, the information in the Settlement Agreement (who existence was first disclosed by Mr. Wyss in Doc 6) is central to the disposition of the plaintiff's claims (including Mr. Wyss' Motion to Dismiss); in <u>JAH IP Holdings</u> the information sought to be restricted was "not particularly important."

(2)

I also object to the Plaintiffs' Motion to Restrict because it fails to meet the specific requirement of D.C.COLOLCivR 7.2(c)(3), which states that a motion to restrict public access must: "identify a clearly defined and serious injury that would result if access is not restricted"

Mr. Wyss' Motion to Restrict NEVER clearly identifies any injury – serious or otherwise - that would result if access were not restricted. To be sure, Mr. Wyss' previously filed "Defendant's Emergency Motion to Restrict Public Access to Entire Case File" (Doc 14) did, in fact, identify an injury that would occur if access was not restricted ("All of the prejudice that would have been visited upon Defendant by filing the information in the public record . . . will directly result from Plaintiff filing her response as a public document.").

But that language was not included in the current Motion to Restrict. Furthermore, Mr. Wyss' previous motion (admittedly a much broader motion to restrict the entire case file) was denied by this court (see Doc. 17).

## 3. CONCLUSION

ACCORDINGLY, I respectfully request that this Court deny Defendant Hansjörg Wyss' Emergency Motion For Leave to Restrict Public Access to Plaintiff's Response to Defendant's Motion to Dismiss.

Because Mr. Wyss' previous emergency motion to restrict (Doc 14) was ruled on by this court the day after it was posted, its possible that Mr. Wyss' current motion to restrict will also be ruled on while this objection is in route to the court. In the event of a similar (ie – "early") order from this court granting Mr. Wyss' emergency motion, I respectfully request that this motion be heard without prejudice.

Date:   January 20 2015          Respectfully submitted,

*Paul Dorsey*
Paul Dorsey
Pro-se
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
p.dorsey@comcast.net

### CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2015, I mailed this objection to the Clerk of the Court using fully prepaid United States Postal Service Express Mail. I also certified that I mailed this objection to the addresses on record for all parties and interested parties, per the attached list.

Date:   January 20, 2015          *Paul Dorsey*
Paul Dorsey
Pro-se
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
p.dorsey@comcast.net

5

# CERTIFICATE OF SERVICE LIST

**Plaintiff (pro-se)**

Jacqueline Long
PO Box 9977
Aspen, CO  81612


**Attorneys for Defendant**

Perry L. Glantz
Stinson Leonard Street, LLP
Suite 1900
6400 S. Fiddlers Green Circle
Greenwood Village, CO  80111

Carolyn P. Short
Reed Smith LLP
Suite 3100
1717 Arch Street
Philadelphia, PA  19103

Nipun J. Patel
Reed Smith LLP
Suite 3100
1717 Arch Street
Philadelphia, PA  19103