IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-03200-RBJ

JACQUELINE LONG,

    Plaintiff,

v.

HANSJORG WYSS,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, and Sanctions [ECF No. 7] and on Plaintiff's Request for Hearing [ECF No. 25]. The Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332.

This case arises out of a personal relationship that seems to have ended badly. However, it is unnecessary to delve into the specifics of the present action as the Court agrees that the claim is barred under the terms of a settlement agreement entered into between Ms. Long and Mr. Wyss in May 2013. The settlement agreement included a payment of a confidential sum of money in exchange for the release of all claims arising out of any of Ms. Long's interactions with Mr. Wyss through August 8, 2013, the date on which it became effective. On the face of the complaint, the present action brings a claim that could have arisen no later than January 2012. This claim is therefore barred under the terms of the settlement agreement.[1]

---

[1] The Court finds no merit in Ms. Long's argument that the agreement was voided by delayed performance, especially considering that the late performance was eagerly accepted by Ms. Long.

Judge Allen of the Court of Common Pleas of Philadelphia County presided over the action giving rise to the settlement agreement. On a motion to enforce the agreement she found it binding and enforceable. [ECF No. 7-2]. On January 16, 2015, pursuant to an emergency motion to enforce the settlement agreement, Judge Allen ordered Ms. Long immediately to withdraw the present action with prejudice.[2] [ECF No. 22-1]. Ms. Long failed to do so, which forced the defendant to expend additional resources filing his reply brief in this case.

The Court gives Ms. Long every benefit of the doubt in the initial filing of her action, accepting her contention that she believed in good faith that the settlement agreement did not release her present claim. The Court disagrees with her interpretation of the agreement, but declines to sanction her for the initial filing of the action. However, the Court cannot make excuses for Ms. Long after she chose to continue prosecuting the claim in direct violation of Judge Allen's January 16, 2015 Order. The Court agrees with the defendant that these actions are sanctionable.

With regard to Ms. Long's request for a hearing, any hearing at this time would be futile. The defendant is entitled to a judgment as a matter of law based on the language of the settlement agreement; this Court need not and does not rely on Judge Allen's order in making this determination.

Accordingly, it is ORDERED that Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, and Sanctions [ECF No. 7] is GRANTED IN PART and DENIED IN PART and Plaintiff's Request for Hearing [ECF No. 25] is DENIED. The Court directs that judgment enter as a matter of law in favor of the defendant, with prejudice. The plaintiff is further ORDERED to pay to the defendant all reasonable attorney's fees incurred in the filing of

---

[2] Although the defendant puts forward a new argument concerning collateral estoppel and res judicata in his reply brief, he fails to attach motions or a transcript from the Pennsylvania case to establish which arguments were fully litigated in that court. The order, with nothing more, is of little use on this question.

his reply brief. As the prevailing party, the defendant is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 4th day of February, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge